UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEOBARDO OVIEDO OLGUIN**

    **Petitioner,**

v.                                                 Case No. 25-CV-1822

**DALE SCHMIDT**, *et al.*,

    **Respondents.**

---

### RULE 4 ORDER

---

    Leobardo Oviedo Olguin, who is currently detained by U.S. Immigration and Customs Enforcement at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.) Accompanying his petition is a motion for a temporary restraining order. (Docket # 2.) Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

    Olguin is a Mexican national who came to the United States as a young man. (Docket # 1, ¶ 27.) He was deported to Mexico in 2019 and alleges he was threatened by the cartel. Fearing for his life, Olguin returned to the United States in 2020. (*Id.* ¶¶ 28–29.)

    In November 2023, Olguin was charged with resisting arrest under Wis. Stat. § 946.41(1). He was convicted in February 2024 and sentenced to 90 days incarceration.

Following release, he was transferred to the Dodge County Detention Facility. (*Id.* ¶ 30.) The Department of Homeland Security placed Olguin in reinstatement proceedings due to his 2019 removal order. Olguin expressed fear of return to Mexico, and he was referred for a reasonable fear interview. (*Id.* ¶ 30.) DHS issued a negative reasonable fear determination; however, the decision was reversed by an immigration judge. (*Id.* ¶ 30.) Olguin was placed in withholding-only proceedings pursuant to 8 C.F.R. § 1208.31(g)(2). (*Id.*)

On April 28, 2025, Olguin appeared for a second merits hearing before the judge. Olguin asserted a fear of removal to Mexico based on mental illness and the fear of institutionalization and torture. (*Id.* ¶ 33.) The judge ordered Olguin removed to Mexico and simultaneously granted his application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). (*Id.* ¶ 34.) Olguin remains detained, and alleges that he has been detained following the withholding grant so DHS can attempt to remove him to a country of which he has no lawful status or ties. (*Id.* ¶ 38.)

The Supreme Court has recognized § 2241 petitions as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). In his petition, Olguin asserts his continued detention violates the Immigration and Nationality Act, the Fifth Amendment, the Convention Against Torture, and the Administrative Procedure Act. (Docket # 1 at 21–26.) He argues he cannot be detained indefinitely while the government seeks to remove him to a third country. Nor can the government effect that removal without properly giving him notice and an opportunity to be heard regarding that removal. Olguin requests immediate release and to enjoin the government from removing him without affording him procedural due process. Pursuant to

28 U.S.C. § 2243, he requests for an order directing the government to show cause within three days why the writ of habeas corpus should not be granted.

Based on his petition, I cannot conclude that Olguin is plainly not entitled to relief. Under § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, Respondents are ordered to respond to the petition and motion for a temporary restraining order within **three days** of service.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Dale Schmidt, Sheriff, Dodge County Detention Facility pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Sam Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS ALSO ORDERED** that Respondents shall respond to the petition and motion for a temporary restraining order within three (3) days of service. Petitioner may file a reply no later than (5) days of receiving Respondents' response.

3

Dated at Milwaukee, Wisconsin this 19th day of November, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge